THE SIXPENNY SAVINGS BANK *a.* SLOAN.

*Supreme Court, First District; Special Term, January,* 1856.

DEMURRER.—WHEN FRIVOLOUS.

A demurrer will not be stricken out as frivolous unless its insufficiency is so apparent that the court can determine it upon bare inspection, without argument.

Motion to strike out a demurrer to a complaint, as frivolous.

The complaint in this action was for the foreclosure of a mortgage. It alleged that the defendants, Thomas J. Sloan and Samuel Leggett, on December 7, 1854, made and executed a bond and mortgage covering certain real estate in the city of New York, to E. F. Purdy, to secure the payment of $40,000, payable in four several instalments of $10,000; the bond containing a provision that on failure to pay the interest when due, the whole principal should become collectable. That the first three instalments had become due by lapse of time, and the last by a non-payment of interest. That Purdy in December, 1854, assigned to the plaintiffs *so much* of said bond and mortgage, and of the moneys thereby secured first to be received thereon as should be sufficient to pay to the plaintiffs $25,094 65, with interest; and that the residue of the mortgage debt belonged to the people of the State of New York. That Sloan and Leggett having become insolvent had made an assignment for the benefit of their creditors to Wright and Purdy, who were in possession of the mortgaged premises.

The People of the State, and Wright and Purdy were joined as defendants.

Wright and Purdy demurred to the complaint, assigning the following grounds. 1. A defect of parties. 2. That the people should have joined as plaintiff, instead of being made defendants. 3. That the complaint did not state facts sufficient to constitute a cause of action. 4. That it did not show that plaintiffs were the *owners* of the bond and mortgage. 5. That

the bond and mortgage could not be severed so as to give several and separate rights of action therein to different parties.

*J. Oakey*, for the motion.

*Shepard & Parsons*, opposed.

WHITING, J.—Each of these causes of demurrer may be well taken. They are, at least, worthy of serious examination. The rule is, that the court will not strike out a demurrer as frivolous, unless it clearly appears to be taken merely for the purpose of delay, or unless the grounds stated in it are clearly untenable. Its insufficiency as a pleading must be so apparent that the court can determine it upon bare inspection without argument.

It is very questionable whether the People should not have been made plaintiffs, or some reason given in the complaint why they were made defendants; and it is still more so, whether the moneys secured by a bond and mortgage can be assigned away in portions so as to give a separate and distinct right of action to different parties.

Motion denied, with costs to abide the event of the demurrer.

---

DENNISTON *a.* THE NEW YORK & NEW HAVEN R. R. CO.

*New York Common Pleas; General Term, February,* 1856.

JURISDICTION OF FEDERAL COURTS.—REMOVAL OF CASES FROM STATE COURTS.

When three aliens and one citizen of the State of New York, brought, in one of the courts of that State, a suit against a Connecticut corporation, upon a claim in which they had a united interest,—*Held*, at special term, that the defendants were not entitled under § 12 of the Federal Judiciary Act of 1789 to have the cause removed to the United States Circuit Court.

This decision affirmed on appeal to the general term.

Appeal from an order of the special term, denying a motion for the removal of this cause to the United States Circuit Court.